Burke, J.
(dissenting). After a jury trial, defendant was convicted of murder in the first degree (felony murder) in the wanton slaying of three butchers in Brooklyn, the predicate felony being robbery. The proceeds of the robbery, some $3,500, were recovered from defendant’s apartment, concealed in a suitcase. Under police interrogation, defendant admitted knowing that his codefendant was plotting a job and figured the money was from the store, but asserted that the money was given to him by the perpetrators merely for safekeeping. The codefendant’s wife, defendant’s aunt, testified that the defendant procured a gun from the codefendant’s house shortly before the robbery at the request of the codefendant. This was the evidence to link the defendant with the robbery.
The Appellate Division reversed the judgment of conviction, largely on an alleged erroneous charge of the Trial Judge. The pertinent portion of the charge relating to the inference to be drawn from recent, falsely explained, possession of the stolen money follows: ‘ ‘ The possession of the fruits of a crime recently after the crime had been committed, affords a strong and reasonable ground for the presumption that the party in whose possession they are found was a real offender, unless he can account for such possession in some way consistent with his innocence. * * * Do the acts of possession and concealment of the money stamp the defendant as the culprit or does the explanation that he offered satisfy you that the indicated possession of the money was an innocent one? If you have a reasonable doubt concerning that, you should resolve that doubt in the defendant’s favor. On the other hand, if you are convinced from all the facts and the circumstances that the recent and exclusive possession of the money and the subsequent hiding and concealment of it was a guilty one and if you are satisfied beyond a reasonable doubt of that fact, you would be justified in inferring that he is guilty.” The Appellate Division, relying on People v. Galbo (218 N. Y. 283, 290-291), took exception to the charge and held that the Trial Judge overlooked the possibility that defendant coma have been guilty of possession of the stolen money, without actually being a participant in the robbery.
*739 The simple answer is that the defendant was not entitled to the charge of criminal possession of stolen property, as that offense was not charged in the murder indictment and is not a crime “ which is necessarily included in that with which he is charged in the indictment.” (Code Crim Pro., §§ 444-445.) Moreover, the jury had before them defendant’s explanation as to how he came into possession of the money and if the jury did not credit his explanation, that only left the possible inference that he obtained the money for his part in the commission of the robbery. (Cf. People v. Everett, 10 N Y 2d 500, 508-510.) As was stated in People v. Galbo (218 N. Y. 283, 291, supra), facts shape the inference to be drawn. In the instant case, we have the defendant’s own admissions as to his association with the convicted killer, his codefendant; defendant’s knowledge as to the source of the money and defendant’s procurement of a gun from his codefendant’s home shortly before the commission of the robbery and murders.
Accordingly, the order of the Appellate Division should be reversed and the judgment of conviction should be reinstated.
Order affirmed, etc.